Mr. James F. Lang Attorney for the School Board of Alachua County Post Office Box 23879 Gainesville, Florida 32602-3879
Dear Mr. Lang:
On behalf of the School Board of Alachua County, you ask substantially the following questions:
1. Does the collectively bargained method by which the district calculates its employees' terminal pay upon retirement or death violate any statute or administrative rule?
2. Does the school board's provision of terminal pay for its employees who are not represented by any bargaining agent in the same manner as for employees subject to the collectively bargained agreement violate any statute or administrative rule?
In sum:
1. The collectively bargained method by which the district calculates its employees' terminal pay at retirement or death does not appear to violate a statute or rule.
2. The school board's provision of terminal pay for employees who are not represented by a bargaining agent in the same manner as those who are subject to the collectively bargained agreement does not appear to violate a statute or rule. Termination pay for such employees hired on or after July 1, 1995, is limited to sixty days for accrued sick leave and sixty days of actual payment for accrued vacation leave.
You have provided a copy of an opinion letter from the Department of Education, dated May 3, 1993, in which it was concluded that the school board's manner of calculating terminal pay for district employees was neither unreasonable nor contrary to statutory provisions. Recent changes to relevant statutes and the institution of a citizens budget advisory council that has expressed interest in the calculation of terminal pay for district employees have led you to request an opinion of this office on substantially the same matter previously addressed by the Department of Education.
Question One
Section 230.03(2), Florida Statutes, provides that "district school boards shall operate, control, and supervise all free public schools in their respective districts and may exercise any power except as expressly prohibited by the State Constitution or general law." (e.s.) This has been acknowledged as giving school boards broad home rule powers to exercise any power for school purposes in the operation and supervision of the free public schools unless expressly prohibited by the constitution or general law.[1]
Section 231.40(3)(a)4., Florida Statutes, as amended by section 3, Chapter 95-381, Laws of Florida, authorizes district school boards to adopt rules governing termination pay for accumulated sick leave to instructional staff and educational support employees using a formula of "daily rate of pay" multiplied by a percentage (based upon the years of service) times the number of days of accumulated sick leave. For lump-sum payments of accrued vacation leave, section 231.481, Florida Statutes, as amended, allows a district school board to establish policies to provide such payments to an employee of the school board upon termination of employment or retirement, or to the employee's beneficiary if termination is due to death. For employees hired on or after July 1, 1995, however, "terminal pay for accrued vacation leave may not exceed a maximum of 60 days of actual payment. . . ." The Legislature has not provided a statutory definition of "daily rate of pay" for purposes of section 231.40, Florida Statutes.
You state that the board normally calculates the daily rate of pay by dividing the employee's total salary by the number of days the employee is under contract. Under the collective bargaining agreement for instructional and non-instructional employees, the daily rate of pay for terminal pay at retirement or death is calculated in a different manner. For instance, a teacher is under contract for 196 days in a school year, but is entitled to 6 paid mandatory holidays. It is assumed, therefore, that a teacher must be on the job for 190 days per year. A teacher is also able to accrue 10 days for earned sick leave, so the board wishes to deduct these days thereby leaving 180 days for which the teacher must be on the job in order to earn the annual salary. As you point out, use of a higher total number of days results in a lower "daily rate of pay" and, therefore, a smaller amount of terminal pay.
While not dispositive of your question, an artificial lowering of the number of days a teacher must work in order to receive his or her annual salary totally discounts the pay that a teacher receives for the 6 mandatory holidays and the 10 days of earned sick leave. Under your scenario, a teacher receives his or her annual salary for 180 days, the minimum number of days a teacher must physically be on the job, rather than the 196 days a teacher is under contract. When the teacher's annual salary is divided by 180 to find the daily rate of pay, the resulting daily rate of pay, when applied to the 16 additional days, would result in a salary higher than that which is received by the teacher.
I have not found, nor have you directed my attention to, any statutory requirements that the school board use a specific number of days to determine a "daily rate of pay" for calculating terminal pay. Rather, it is within the discretion of the school board to make that determination. As you have stated, however, the school board has entered into a collective bargaining agreement that provides for the calculation of daily rate of pay using the "number of days the employee must be on the job to earn the annual salary for the year."
The changes to section 231.40, Florida Statutes, do not appear to affect the school district's ability to adopt policies or rules governing termination pay for accrued sick leave. Moreover, the only change to the calculation of terminal pay for accrued vacation leave is that employees hired on or after July 1, 1995, may not receive more than 60 days of actual payment. This would appear to be the only alteration to the governing statutes that would affect the manner in which the school board calculates terminal pay for accrued vacation leave.
Accordingly, it is my opinion that the school board's policy of calculating "daily rate of pay" based upon the number of days that an employee must be on the job in order to earn his or her annual salary is not presently prohibited by the Constitution or general law.
Question Two
Section 231.40(3)(a)4., Florida Statutes, as amended, provides the basis for the payment of terminal pay for accumulated sick leave by each school district to its instructional staff and educational support employees. Prior to its amendment in 1995, this subsection applied uniformly to all employees of the district.[2] Now, however, section 231.40(3)(a)5., Florida Statutes, created by section 1, Chapter 95-381, Laws of Florida, sets forth separate provisions governing terminal pay for accumulated sick leave for full-time employees other than instructional staff or educational support employees.[3]
As noted above, no changes were made during the 1995 Legislative Session that would alter the manner in which school districts are authorized to provide terminal pay for accumulated sick leave for instructional staff and educational support employees. Section 231.481, Florida Statutes, as amended by section 3, Chapter 95-381, Laws of Florida, allows a district school board to establish policies to provide for lump-sum payment for accrued vacation leave to an employee of the school board upon termination of employment or retirement, or to the employee's beneficiary if termination is due to death. For employees hired on or after July 1, 1995, however, "terminal pay for accrued vacation leave may not exceed a maximum of 60 days of actual payment. . . ."
Thus, in light of the previous opinion of the Department of Education and the absence of any changes in the application of section 231.40, Florida Statutes, to instructional staff and educational support employees, the school board may continue to use its termination pay policy for accumulated sick leave for such staff and employees. While lump-sum terminal pay for accrued vacation leave may not exceed a maximum of sixty days of actual payment for employees hired on or after July 1, 1995, the school board's existing policy for termination pay for accrued vacation leave may continue to be applied to all other employees of the district.
Section 231.40(1)(a)5., Florida Statutes, created by section 1, Chapter 95-381, Laws of Florida, states:
A school board may establish policies to provide terminal pay for accumulated sick leave to any full-time employee of the district school board other than instructional staff or educational support employees as defined in this section. If termination of the employee is by death of the employee, any terminal pay to which the employee may have been entitled may be made to the employee's beneficiary. However, for such employees hired on or after July 1, 1995, terminal pay shall not exceed an amount determined as follows:
a. One-fourth of all unused sick leave accumulated on or after July 1, 1995; however, terminal pay allowable for such accumulated sick leave shall not exceed a maximum of 60 days of actual payment. b. For unused sick leave accumulated prior to July 1, 1995, terminal payment shall be made pursuant to a district school board's policies which are in effect on July 1, 1995.
Section 231.481, Florida Statutes, as amended, authorizes the school board to provide for lump-sum termination pay for accrued vacation leave to any employee of the board upon termination of employment or retirement, or to the employee's beneficiary if termination is due to death. Any employee hired on or after July 1, 1995, however, may receive a maximum of 60 days of actual payment.
While the statutory changes will affect those employees who are hired on or after July 1, 1995, it does not appear that the manner of calculating terminal pay for those employed prior to that date would be altered. Nor would the board's policy of calculating the "daily rate of pay" for employees who are not subject to the collective bargaining agreement in the same manner as those employees who are be affected by the statutory amendments. The district's existing termination pay policy would be applicable to employees hired prior to July 1, 1995, but the policy will have to be altered to conform with the statutory limitations for those employees hired on or after that date.
Accordingly, it is my opinion that there is no constitutional or statutory prohibition against the school board calculating terminal pay for those full-time employees who are not subject to the collective bargaining agreement in the same manner as for those who are subject to it.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, Ops. Att'y Gen. Fla. 87-18 (1987) and 89-87 (1989).
[2] See, s. 231.40, Fla. Stat. (1993).
[3] For purposes of Chapter 231, Fla. Stat., the statute, section 231.40(1), Florida Statutes, as amended, provides the following definitions:
(a) "Educational support employee" means any person employed by a district school board as a teacher aide, a teacher assistant, an education paraprofessional, a member of the transportation, operations, maintenance, or food service department, or a secretary or a clerical employee. (b) "Instructional staff" shall be used synonymously with the word "teacher" and includes teachers, librarians, and other comparable members engaged in an instructional capacity in the schools.